UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH STODDARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-889 (RMC) |
| | ) | |
| DAVID WYNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

      Keith Stoddard was on parole for a D.C. Code violation when he was charged with Driving Under the Influence (DUI) in the Commonwealth of Virginia. If he were found guilty of DUI, the conviction could constitute a violation of the terms of his parole. The U.S. Parole Commission is the federal entity charged with granting and denying parole and imposing conditions on parole for D.C. Code offenders, such as Mr. Stoddard. When the Commission learned of the DUI, it issued an arrest warrant along with a memorandum directing that the warrant be held in abeyance pending final determination of the Virginia DUI charge. The warrant was not held in abeyance, but was executed when Mr. Stoddard turned himself into D.C. authorities on April 22, 2011. He was held at the D.C. Jail until he was released on July 6, 2011.

      Mr. Stoddard sues Commission staff members David Wynn and Jequan S. Jackson, in their individual capacities, alleging that they were notified that the warrant had been executed erroneously and they failed to take immediate action to obtain his release. He asserts that they are liable for false imprisonment and violating his Fifth Amendment rights. He brings his constitutional claims pursuant to 42 U.S.C. § 1983 or, alternatively, *Bivens v. Six Unknown*

1

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Defendants move to dismiss for lack of jurisdiction, asserting sovereign immunity, and for failure to state a claim. The motion will be granted in part and denied in part. Sovereign immunity does not apply because Defendants are sued in their individual capacities. Mr. Stoddard states a claim under § 1983 and he does not state a claim under *Bivens* or for false imprisonment.

## I. FACTS

Because Mr. Stoddard is proceeding *pro se*, his Complaint is construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004). The facts are taken from Mr. Stoddard's Complaint [Dkt. 1], Amendment to Complaint [Dkt. 9], and Appendix [Dkt. 10].

Mr. Stoddard was arrested and charged with DUI in Virginia on March 23, 2011. At that time, he was a D.C. Code offender on parole. If convicted of the DUI charge, the conviction could constitute a parole violation. On April 4, 2011, Jequan Jackson, U.S. Parole Commission Case Analyst, authored an application for Mr. Stoddard's arrest. Ms. Jackson attached a memorandum specifying that (1) the warrant should be held in abeyance pending the outcome of the Virginia criminal proceedings and (2) Mr. Stoddard was to remain under parole supervision "until the Full Term Date [May 1, 2011] in a normal manner notwithstanding issuance of this abeyance warrant." Compl. at 4; *see also* Appendix at 4. Despite the instructions set forth in the memorandum, the warrant was executed. On April 22, 2011, Mr. Stoddard self-surrendered and he was taken into custody by the D.C. Department of Corrections.

---

[1] Section 1983, Title 42, permits a plaintiff to sue for damages for violation of his constitutional rights by an official who acted under color of State or D.C. law. *Bivens* is the federal counterpart to § 1983; it permits a plaintiff to sue for damages for a violation of his constitutional rights by an official who acted under color of federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001).

In May 2011, D.C. Public Defender Parisa Dehghani-Tafti contacted David Wynn at the U.S. Parole Commission and informed Mr. Wynn that Mr. Stoddard had been mistakenly scheduled for a preliminary interview, when a probable cause and revocation hearing was required. Ms. Dehghani-Tafti emailed the Commission:

> I write because it has come to my attention that Mr. Stoddard was arrested on a USPC [U.S. Parole Commission] warrant in April, but, rather than being scheduled for a probable cause hearing, he appears to have mistakenly been scheduled for a preliminary interview at an undetermined time. It is my understanding that Mr. Stoddard is not on federal parole, but rather, is a DC Code offender. I would be grateful if the USPC would review the file to ensure that Mr. Stoddard receives the appropriate process in the appropriate time frame.

Pl. Supp. Mem. [Dkt. 23], Ex. 3 (Email May 24, 2011). Mr. Wynn forwarded the matter to Case Analyst Jackson for review. *Id.*, Ex. 5 (Email May 26, 2011). Ms. Dehghani-Tafti wrote to Mr. Stoddard, indicating that she alerted the Commission to the fact that his case may be "on the wrong procedural track"; the case would be reviewed by a case analyst; and she hoped it would be placed on the "probable cause docket very soon." *Id.*, Ex. 3 (Letter May 27, 2011). Based on this correspondence, Mr. Stoddard alleges that Mr. Wynn "acknowledged the error." Compl. at 4. No hearing was ever scheduled.

After more than ten weeks in jail, Mr. Stoddard was released on July 6, 2011. He asserts that "I was only release[d] through the motivation of the 'show cause' order issued through the Writ of Habeas Corpus filed June 6, 2011." Pl. Supp. Mem. at 1. That is, Mr. Stoddard attributes his release to his filing of a petition for Writ of Habeas Corpus, *see Stoddard v. U.S. Parole Comm'n*, Civ. No. 11-1050 (ABJ) (Pet. for Writ of Habeas Corpus filed June 6, 2011), and the court's order in that case, which required the Commission to file a statement indicating "why the Writ of Habeas Corpus should not be granted," *see id*. (Order filed June 10, 2011). The court directed the Commission to file a response to the habeas petition because a

3

respondent is not required to respond to a habeas petition unless directed by the court. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4 (providing for the court's preliminary review and an order for either dismissal or service on the respondent and the attorney general) & Rule 5 (providing that "respondent is not required to answer the petition unless a judge so orders"). Subsequently, Mr. Stoddard was released, and the court denied his habeas petition as moot. *Stoddard*, Civ. No. 11-1050 (ABJ) (Mem. Op. & Order Dec. 14, 2011).

Mr. Stoddard claims that the improper detention caused him severe emotional distress and cost him his job and school enrollment. He sues here, alleging false imprisonment and a violation of his Fifth Amendment due process rights, which he asserts pursuant to both § 1983 and *Bivens*. He seeks compensatory and punitive damages as well as a declaratory judgment that Defendants' actions were unlawful.[2]

## II. LEGAL STANDARDS

### A. Lack of Jurisdiction

Defendants move to dismiss, in part, based on sovereign immunity. Where claims are barred by sovereign immunity, they must be dismissed for lack of jurisdiction. *See Watters v. WMATA*, 295 F.3d 36, 39-40 (D.C. Cir. 2002).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject matter jurisdiction. When reviewing a motion to dismiss for lack of jurisdiction, a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the court need

---

[2] Mr. Stoddard previously sued the Commission and its Chairman, Isaac Fulwood, in his official capacity. That suit was dismissed pursuant to the doctrine of sovereign immunity. *See Stoddard v. U.S. Parole Comm'n*, Civ. No. 12-857 (JEB) (D.D.C.) (Op. & Order Oct. 26, 2012).

not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). In considering whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### B. Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id*. at 570. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

## III. ANALYSIS

When a plaintiff alleges that his constitutional rights were violated by an official who acted under color of State or D.C. law, he may sue the official in his personal capacity for money damages under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who *under color of any statute, ordinance, regulation, custom, or usage, of* any State or Territory or *the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). In other words, to state a claim under § 1983, a plaintiff must allege (1) conduct committed by a person acting under color of State or D.C. law and (2) that the conduct deprived the plaintiff of a constitutionally-protected right. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 does not apply to federal officials acting under color of federal law. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). When a plaintiff alleges that his constitutional rights were violated by an official who acted under color of federal law, he may sue the official in his individual capacity for money damages under *Bivens*. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001).

Thus, the threshold question is whether Defendants acted under color of federal law or D.C. law when they failed to take action to obtain Mr. Stafford's release. While the U.S. Parole Commission is a federal entity, the Commission acts pursuant to D.C. law when it deals with D.C. prisoners who are on parole. The D.C. Board of Parole used to manage D.C. parolees, but in 1997 Congress transferred the D.C. Board of Parole's authority to the U.S. Parole

6

Commission.  *See* National Capital Revitalization and Self-Government Improvement Act of 1997 (Revitalization Act), Pub. L. No. 105-33, §§ 11000-11723, 111 Stat. 251, 712-87 (1997).  The Revitalization Act required the U.S. Parole Commission to "assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code."  Revitalization Act § 11231(a)(1), 111 Stat. at 745.  In other words, the transfer obligated the Commission to apply D.C. law to D.C. Code offenders.  *See Anderson v. Reilly*, 691 F. Supp. 2d 89, 91 (D.D.C. 2010).  "[A] cause of action under § 1983 will lie against individual members of the Commission when acting pursuant to the Revitalization Act."  *Settles*, 429 F.3d at 1104.  Because the claims alleged here relate to official conduct under color of D.C. law and not under federal law, § 1983 applies and the *Bivens* claims will be dismissed.

Defendants argue that the Court lacks jurisdiction to adjudicate this suit because sovereign immunity applies.  *See Watter*, 295 F.3d at 39-40.  In making this argument, they rely heavily on *Fletcher v. District of Columbia*, 481 F. Supp. 2d 156 (D.D.C. 2007), *vacated in part on reh'g*, 550 F. Supp. 2d 30 (D.D.C. 2008), and *Anderson v. Reilly*, 691 F. Supp. 2d 89 (D.D.C. 2010).  The doctrine of sovereign immunity provides that the Federal Government can be sued only insofar as it has agreed to be sued.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *Id*.  Sovereign immunity also bars suit for money damages against federal officials in their official capacities absent a specific waiver by the Federal Government.  *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984).

7

It is true that the Commission itself is an arm of the Federal Government and thus is entitled to sovereign immunity. *See Fletcher*, 481 F. Supp. 2d at 162 (quoting *Settles*, 429 F.3d at 1106 ("Despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign.")). Further, sovereign immunity bars a suit for money damages against Commissioners in their official capacities; in an official-capacity suit against Commissioners, remedies are limited to injunctive and declaratory relief. *See Fletcher*, 481 F. Supp. 2d at 162-63 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *Anderson v. Reilly*, 691 F. Supp. 2d at 92. However, Mr. Stoddard has not sued the Commission here and he has not sued the Commissioners in their official capacities. His suit lies against Defendants in their individual capacities.

Mr. Stoddard does not complain that Ms. Jackson issued an arrest warrant or that she issued the memorandum to hold the warrant in abeyance. And he does not blame Ms. Jackson or Mr. Wynn for the fact that the directive to hold the warrant in abeyance was not followed and he was taken into custody when he turned himself in on April 22, 2011. His claim is that Mr. Wynn and Ms. Jackson were notified expressly that he was being held erroneously in D.C. Jail, that they did nothing to obtain his release, and that he was not released until July 6, over ten weeks later.

Mr. Stoddard alleges that Defendants' failure to act violated his Fifth Amendment due process rights. The due process clause of the Fifth Amendment was intended to secure the individual from arbitrary exercises of governmental power. *Daniels v. Williams*, 474 U.S. 327, 330 (1986). It encompasses both substantive and procedural components. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a procedural due process claim, a plaintiff must establish that he had a protected interest in life, liberty, or property, *see Town of Castle Rock v. Gonzales*, 545

8

U.S. 748, 756 (2005), and that government officials knowingly, and not merely negligently, deprived him of that interest, *see Daniels*, 474 U.S. at 335-36, without notice and an opportunity to be heard "at a meaningful time and in a meaningful manner," *see Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).[3] An individual who has been released on parole has a liberty interest in remaining on parole, *see Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), and thus due process requires notice and an opportunity to be heard in a reasonably timely manner. *See id*. at 487-88; *Ellis v. District of Columbia*, 84 F.3d 1413, 1420-25 (D.C. Cir. 1996); *Epps v. U.S. Attorney General*, 575 F. Supp. 2d 232, 241 (D.D.C. 2008). "Accordingly, while a prisoner may not have a constitutional due process right to be paroled in the first instance, once that individual has in fact been released on parole, he or she has a liberty interest in remaining on parole and a parole revocation determination must therefore meet certain due process standards." *Singletary v. District of Columbia*, 685 F. Supp. 2d 81, 88 (D.D.C. 2010) (citing *Greenholtz v. Inmates of Neb. Penal Corr. Complex*, 442 U.S. 1, 9 (1979)). Even so, the "full panoply of rights" due a defendant in a criminal prosecution does not apply to parole revocation because "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey*, 408 U.S. at 481. A delay in holding a probable cause and/or revocation hearing is actionable where a plaintiff can show the delay was both unreasonable and prejudicial. *See*

---

[3] "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). To determine what procedural process is due, courts balance the following factors: (1) the private interest that will be affected by the restraint; (2) the risk of an erroneous deprivation of such interest through the procedures used; (3) the probable value, if any, of additional or substitute procedural safeguards; and (4) the Government's interest, including the burden of a hearing. *Mathews*, 424 U.S. at 335. "[T]he necessity of quick action by the State or the impracticality of providing any predeprivation process may mean that a postdeprivation remedy is constitutionally adequate." *Zinermon*, 494 U.S. at 128 (internal quotation marks and citation omitted).

*Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (three-month delay before revocation hearing is reasonable but delay of thirty-three months is not); *see Morrissey*, 408 U.S. at 488 (a lapse of two months before parole revocation hearing is unreasonable).[4]

To state a substantive due process claim, a plaintiff must assert that a government official was so "deliberately indifferent" to his constitutional rights that the official's conduct "shocks the conscience." *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006); *see also Cnty. of Sacramento*, 523 U.S. at 847 n.8 (government conduct must have been "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience").

In sum, Mr. Stoddard alleges that Defendants violated his Fifth Amendment due process rights through inaction, under color of D.C. law. The Revitalization Act required the Commission to apply D.C. law to D.C. Code offenders, *see Anderson v. Reilly*, 691 F. Supp. 2d at 91, and thus Commission employees may be sued, in their individual capacities, under § 1983 for actions taken pursuant to the Revitalization Act. *See Settles*, 429 F.3d at 1104. Because Mr. Stoddard has stated claims under § 1983 and not under *Bivens*, the *Bivens* claims will be dismissed.

Defendants also assert a defense of qualified immunity. Qualified immunity shields government officials from suit relating to performance of their discretionary functions, unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see Barham v. Ramsey*, 434 F.3d 565, 572 (D.C. Cir. 2006). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action

---

[4] *See* 28 C.F.R. § 2.101(i) (for D.C. parolees, a combined probable cause and local revocation hearing must be held within sixty-five days); § 2.102(f) (local revocation hearing shall be held within sixty-five days).

generally turns on the 'objective reasonableness' of the action." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Harlow*, 457 U.S. at 819). The official's subjective good faith is not relevant in a qualified immunity analysis. *See Harlow*, 457 U.S. at 818. To determine whether a party is entitled to qualified immunity, a court must determine whether the facts alleged show the official's conduct violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. Further, the court must determine "whether the right was clearly established." *Saucier*, 533 U.S. at 201.

An official protected by qualified immunity enjoys "*immunity from suit* rather than a mere defense to liability," which is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, questions of immunity are matters of law for a court to decide as early in the proceedings as possible. *See Saucier*, 533 U.S. at 200-01. In this case however, the record lacks sufficient material facts regarding Defendants' actions and/or omissions with regard to Mr. Stoddard's erroneous detention. Accordingly, Defendants' motion to dismiss on the ground of qualified immunity will be denied without prejudice.

Mr. Stoddard also asserts a tort claim for false imprisonment against Defendants in their individual capacities under D.C. law. *See* Amendment to Compl. at 1-2. The claim is barred by the applicable one-year statute of limitations. *See* D.C. Code § 12-301(4) (one-year statute of limitations applies to claims for false arrest and false imprisonment). Mr. Stoddard alleges that he was injured from April 22 to July 6, 2011. To be timely, he had to file suit against Defendants no later than July 6, 2012. He did not file this case until June 13, 2013. The claim for false imprisonment is time-barred.

11

If Mr. Stoddard's tort claim were construed as one against the Commission, the Commissioners in their official capacity, or the Commissioners in their individual capacities but within the scope of their employment,[5] the claim is barred by sovereign immunity. The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq.*, provides a limited, express waiver of sovereign immunity for certain tort claims by providing a remedy against the United States for the negligent or wrongful act or omission of any federal employee while acting within the scope of his office or employment. *See* 28 U.S.C. § 1346(b); *see also id*. § 2674 (the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances). A waiver of sovereign immunity, such as the FTCA, is strictly construed and any doubt or ambiguity is resolved in favor of immunity. *See Lane v. Pena,* 518 U.S. 187, 192 (1996).

Mr. Stoddard's prior FTCA claims against the Commission and Chairman Fulwood were dismissed due to failure to exhaust administrative remedies. *See Stoddard v. U.S. Parole Comm'n*, Civ. No. 12-857 (JEB) (D.D.C.) (Op. & Order Oct. 26, 2012) (citing *GAF Corp. v. United States*, 818 F.2d 901, 904-05 (D.C. Cir. 1987) (administrative exhaustion is a mandatory prerequisite to federal court jurisdiction)). Mr. Stoddard asserts that he now has exhausted remedies. *See* Amendment to Compl. at 1-2 (on December 13, 2012, Mr. Stoddard submitted a completed SF-95 administrative complaint to the Department of Justice).

---

[5] If a federal employee is sued for an act done while acting within the scope of his employment, the United States may file a certification and substitute itself as the proper defendant. *See* 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.").

Despite exhaustion, his claim is barred by sovereign immunity because FTCA's limited waiver of immunity does not cover claims against Commission employees for false imprisonment. The intentional tort exception to the FTCA bars "[a]ny claim arising out of assault, battery, *false imprisonment*, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). Claims for false imprisonment and all claims "arising out of" false imprisonment, though labeled something else, are not actionable. *See Koch v. United States*, 209 F. Supp. 2d 89, 94 (D.D.C. 2002); *see also Snow Erlin v. United States*, 470 F.3d 804, 809 (9th Cir. 2006) (former prisoner who alleged that he was detained 311 days too long due to miscalculation of his release date could not sidestep FTCA's exclusion of false imprisonment claims by casting his claim as one for negligence). Sovereign immunity precludes the Court's exercise of jurisdiction over any claim for false imprisonment against the Commission, its staff in their official capacities, or its staff who acted within the scope of their employment.[6]

## IV. CONCLUSION

Defendants' motion to dismiss [Dkt. 17] will be granted in part and denied in part. The false imprisonment and *Bivens* claims will be dismissed. The § 1983 claims remain because Mr. Stoddard brought his Fifth Amendment claims against Defendants in their individual capacities based on actions taken under color of D.C. law. A memorializing Order accompanies this Memorandum Opinion.

---

[6] The FTCA does allow claims of assault and battery to proceed against investigative and law enforcement officers, *see* 28 U.S.C. § 2680(h), but parole officers are not law enforcement officers, as they are not empowered by law to conduct searches, seize evidence, and make arrests. *See Wilson v. United States*, 959 F.2d 12, 15 (2d Cir. 1992); *Ford v. Mitchell*, 890 F. Supp. 24, 35 (D.D.C. 2012).

13

Date: September 19, 2014                                  /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge